NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage:

SAWAKO MOMII LESLIE, *Petitioner/Appellant*,

*v.*

JOHN MARVIN LESLIE, *Respondent/Appellee*.

No. 1 CA-CV 22-0199 FC
FILED 01-24-2023

Appeal from the Superior Court in Maricopa County
No. FN2017-092934
The Honorable Quinton H. Cushner, Judge

**AFFIRMED IN PART; DISMISSED IN PART**

COUNSEL

Sawako Momii Leslie, Long Beach, California
*Petitioner/Appellant*

Scott L. Patterson, P.L.L.C., Tempe
By Scott L. Patterson
*Counsel for Respondent/Appellee*

––––––––––––––––––––––––––––––

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Angela K. Paton and Chief Judge Kent E. Cattani joined.

––––––––––––––––––––––––––––––

**C R U Z**, Judge:

¶1 Sawako Momii Leslie ("Wife") appeals from the superior court's entry of a divorce decree and a qualified domestic relations order ("QDRO") awarding John Marvin Leslie ("Husband") one half the community portion of her University of California 457(B) deferred compensation plan, as well as earnings from the valuation date to the segregation date. We dismiss the appeal to the extent it challenges the divorce decree because Wife previously unsuccessfully appealed from the entry of the decree. We otherwise affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2 The parties were married in 1978 in Japan. Husband initiated divorce proceedings in 2016, but those proceedings were dismissed by stipulation of the parties. In 2017, Wife petitioned for dissolution of marriage, acknowledging that the parties were validly married and that both parties lived in Arizona on the date of filing and at least ninety days prior.

¶3 The court set the matter for trial, but Wife moved pretrial to dismiss the divorce proceedings, arguing the marriage was invalid. The court denied Wife's motion, proceeded to trial, and entered the divorce decree, including a finding that the parties were validly married. In the decree, the superior court awarded each party one half of the community portion of the community retirement accounts and other retirement accounts containing community assets. It also ordered the parties to select a qualified person to prepare a QDRO. Wife appealed the decree, and this court affirmed. *Leslie v. Leslie*, 1 CA-CV 19-0628 FC, 2020 WL 3525912 (Ariz. App. June 30, 2020) (mem. decision).

¶4 A special master subsequently prepared a QDRO dividing the community portion of Wife's University of California 457(b) deferred compensation plan. The QDRO awarded Husband over $64,000, as well as

earnings from the valuation date to the date Husband's award is segregated from Wife's account. The court signed and entered the QDRO.

¶5            Wife timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

I.      The Divorce Decree

¶6            Wife argues the divorce decree is unenforceable in every respect because it does not flow from a valid marriage, and she objects to the division of property specified in the decree. Wife also argues that, because the divorce decree is null and void, the QDRO is unenforceable.

¶7            Wife appealed the divorce decree in August 2019, and this court affirmed. *Leslie*, 1 CA-CV 19-0628 FC. Wife's challenges to the divorce decree are thus precluded. *See* ARCAP 9(a). We lack jurisdiction to address these untimely arguments, and they are dismissed. *See id.*

II.     The QDRO

¶8            Wife claims the QDRO is invalid because: (1) the court erred in failing to calculate the QDRO using California law; (2) the QDRO violates the Employee Retirement Income Security Act ("ERISA"), Arizona law, and California law; and (3) the court entered the QDRO without establishing marital validity or community property rights and was biased.

        A.      California Law Calculations

¶9            Wife argues the superior court erred in applying Arizona law to calculate "the amount, distribution and timing of payment" in the QDRO. Wife claims the court instead should have applied California law because Wife has been domiciled in California since 2007, her employer administers the retirement plan in California, neither Wife nor her employer have "any significant relationship" with Arizona, and employee benefit plans regulated by California should be divided according to the state where the employee resides.

¶10           Wife filed her petition for dissolution of marriage in Arizona and attested both she and Husband lived in Arizona when she filed it and at least ninety days prior. *See* A.R.S. § 25-312(A)(1). Neither party challenged this assertion or the court's authority to hear the divorce proceedings, enter a decree of dissolution of marriage, and divide the

marital property. *See* A.R.S. § 25-312(A), (E). Pursuant to A.R.S. § 25-312, the court properly applied Arizona law when exercising its broad discretion in dividing the community portions of the community retirement accounts for divorcing litigants who avowed, under oath, to be Arizona residents. *See Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007). We find no error.

      B.     California Law, Arizona Law, and ERISA

**¶11** Wife claims the QDRO is invalid because it violates Arizona and California law, as well as ERISA. Wife fails to adequately cite to the record or to any legal authority to support her argument that the QDRO violates Arizona or California law. *See* ARCAP 13(a)(7). We have found no such authority, and we decline to address this argument further.

**¶12** Wife's ERISA claim is similarly unavailing. Under 29 U.S.C. §§ 1001-1461, state courts may assign benefits through QDROs if the orders meet the requirements listed in 29 U.S.C. § 1056(d)(3)(C), by clearly specifying:

      (i)     the name and the last known mailing address (if any) of the participant and the name and mailing address of each alternate payee covered by the order,

      (ii)    the amount or percentage of the participant's benefits to be paid by the plan to each such alternate payee, or the manner in which such amount or percentage is to be determined,

      (iii)   the number of payments or period to which such order applies, and

      (iv)   each plan to which such order applies.

Here, the QDRO complies with the ERISA requirements. The QDRO contains Husband's and Wife's names and mailing addresses, the percentage of Wife's benefits to be paid to Husband, the number of payments to Husband, and each plan from which Husband is eligible to receive benefits. The record does not support Wife's generalized claim that the QDRO violates ERISA.

      C.     Marital Validity, Community Property, and Bias

¶13    Wife next argues the QDRO is void because the superior court entered it without first finding the parties' marriage valid. This argument fails because Wife's challenges to the validity of the marriage are precluded. *See* ¶ 7 *supra*. Wife also argues the QDRO is void because the court did not "establish the community property rights" before entering the QDRO. But after the contested divorce trial, the court made specific community property findings in the decree, which the QDRO properly follows. We will not disturb a QDRO's apportionment of assets absent a showing of abuse of discretion, *Boncoskey*, 216 Ariz. at 451, ¶ 13, and here there has been no such showing.

¶14    Wife also generally alleges the superior court judge was biased against her. A party challenging a judge's impartiality must overcome the presumption that judges are "free of bias and prejudice," *State v. Rossi*, 154 Ariz. 245, 247 (1987), and must "set forth a specific basis for the claim of partiality and prove by a preponderance of the evidence that the judge is biased or prejudiced," *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999). "Judicial rulings alone do not support a finding of bias or partiality without a showing of an extrajudicial source of bias or a deep-seated favoritism." *Stagecoach Trails MHC, L.L.C. v. City of Benson*, 232 Ariz. 562, 568, ¶ 21 (App. 2013). Wife fails to cite to any specific instances of alleged judicial bias in the record; our independent review of the record reveals none. Thus, Wife has not established judicial bias.

## CONCLUSION

¶15    We affirm the superior court's rulings rejecting Wife's arguments regarding the QDRO that apportioned community assets between the parties. Husband requests his attorneys' fees and costs on appeal. We have considered the relative financial resources of the parties and the reasonableness of the positions asserted on appeal. *See* A.R.S. § 25-324(A). In the exercise of our discretion, we award Husband reasonable attorneys' fees and costs on appeal, upon compliance with ARCAP 21.

